# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| RUSSIAN COLLECTIONS, LTD. | : | |
| Plaintiff, | : | Case No. 2:09-cv-300 |
| v. | : | JUDGE MARBLEY |
| ALEXANDER MELAMID, | : | Magistrate Judge Abel |
| Defendant. | : | |

## OPINION AND ORDER

### I. INTRODUCTION

This matter is before the Court on Plaintiff Russian Collections, Ltd.'s ("RC") Motion to Deposit Into Court. RC requests leave to deposit the remainder of its payments to Defendant Alexander Melamid ("Melamid") with the Court pursuant to Rule 67 of the Federal Rules of Civil Procedure. For the reasons set forth below, this Court **DENIES** RC's Motion.

### II. BACKGROUND

RC's business is to acquire, own, maintain, invest in, hold for investment purposes and sell various works of Russian contemporary art. On August 29, 2005, RC entered into an agreement with Melamid and Mina Litinsky d/b/a/ Sloane Gallery of Art in Denver, Colorado regarding the purchase by RC of certain paintings by Melamid (the "Agreement"). RC agreed to purchase and Melamid agreed to create and sell, a series of twelve painted portraits of "hip hop" stars and related personages (the "RC Paintings").

Pursuant to the Agreement, if Melamid decides to extend the series beyond the RC Paintings, Melamid agrees to offer any Additional Painting completed on or before March 10, 2010 to RC before offering it to another potential purchaser. Melamid agrees to put the offer in a

dated writing, and RC then has a period of sixty days thereafter to decide whether to purchase the Additional Painting pursuant to purchase price and other terms to be agreed upon. The Agreement further provides pricing restrictions at which Melamid can sell the Additional Paintings even if RC does not purchase the Additional Paintings.

RC contends that Melamid has breached the Agreement by offering the Additional Paintings to third parties prior to offering them to RC and by offering the Additional Paintings at prices below the Agreement's pricing restrictions. As such, RC ceased making payments to Melamid in March of 2009. On May 8, 2009, Melamid, in writing, requested the late payments for March and April. As per the Agreement, after a written request, RC has thirty days to cure late payments. RC has completed most of its payments under the Agreement, with a balance of $150,000 remaining, half of which is currently past due but can still be paid within the cure period.

### III. LAW AND ANALYSIS

Rule 67 of the Federal Rules of Civil Procedure provides in part:

> If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it. The depositing party must deliver to the clerk a copy of the order permitting deposit.

Fed. R. Civ. P. 67(a). "The core purpose of Rule 67 is to relieve a party who holds a contested fund from responsibility for disbursement of that fund among those claiming some entitlement thereto." *Alstom Caribe, Inc. v. Geo. P. Reintjes Co., Inc.,* 484 F.3d 106, 113 (1st Cir. 2007). This means, by extension, that a court should not grant a Rule 67 motion unless the assets to be deposited with that court are in dispute. *Id.* Rule 67 exists to create a place to keep disputed funds safe until the dispute has been resolved and may not be used as "a means of altering the contractual relationships and legal duties of each party." *Prudential Ins. Co. v. BMC Indus.,* 630 F. Supp 1298, 1300 (S.D.N.Y.

1986).

Invoking Rule 67 as urged by RC is unusual. The case of *Dinkins v. General Aniline & Film Corp.*, 214 F. Supp 281 (S.D.N.Y. 1963), however, is factually similar to this case and provides guidance. In *Dinkins*, the defendant initiated a counterclaim for breach of contract. *Id*. at 282. The defendant also requested leave to deposit with the court the money owed to Dinkins under the contract. *Id.* The court denied the defendant's Rule 67 motion because the defendant was not seeking to relieve its responsibility over a sum of money, but essentially, to hedge its bet on the outcome of the counterclaim. *Id.* at 283. The court explained that rather than take the step logically consistent with its assertion of breach–to cease payment under the contract–the defendant attempted "to defer decision, and by depositing the money in the court, to preserve all its rights under the contract and to avoid the risk of a breach of contract on its part if its position should turn out to be wrong." *Id.* The court further explained that "[t]here is nothing in the history of Rule 67 or in the decisions construing it which suggests that it was designed to afford to a defendant an opportunity to deprive a plaintiff both of the benefits of his contract and of a right of action for its breach." *Id*.

Except for the posture of the parties, RC's Rule 67 motion finds itself in an almost indistinguishable situation from the one in *Dinkins*. Similarly to the defendants in *Dinkins*, RC is attempting to deprive Melamid of both the benefits of his contract and a right of action for its breach. Rule 67 may not be used for this purpose.

## IV. CONCLUSION

For the foregoing reasons, this Court **DENIES** the Motion to Deposit Into Court.

**IT IS SO ORDERED.**

                                                                         s/Algenon L. Marbley
                                                  **ALGENON L. MARBLEY**
                                                  **UNITED STATES DISTRICT COURT**

**Dated: June 5, 2009**